UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON SIMMONS,<br><br>   Plaintiff,<br><br> v.<br><br>LVNV FUNDING LLC,<br><br>   Defendant. | Case No. 2:24-cv-2953-DAD-CSK<br><br>ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND<br><br>(ECF Nos. 1, 2) |

Plaintiff Deon Simmons is representing himself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of the IFP request makes the required financial showing. Accordingly, the Court grants Plaintiff's IFP request.

I.   **SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

**II.    THE COMPLAINT**

Plaintiff brings this action against Defendant LVNV Funding LLC for violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Compl. ¶ 1 (ECF No. 1). Plaintiff alleges that on August 25, 2024, Plaintiff pulled his consumer report and saw he owed Defendant "some type of debt." *Id*. ¶ 11. Thereafter, on September 6, 2024, Plaintiff sent Defendant a letter inquiring about the debt and indicated email was "the only convenient mode of communication for him" and that

2

"sending letters to his address is an inconvenient place" to send communications to. *Id*. ¶¶ 12-14. Plaintiff alleges Defendant violated the FDCPA by "audaciously dispatch[ing] a letter correspondence" to "Plaintiff's residence" on September 18, 2024, "in an attempt to collect a debt," even though Defendant "knew that the letter to Plaintiff's address was an inconvenient place for communication." *Id*. ¶¶15-17. Plaintiff also states Defendant's September 18 2024 letter indicated Plaintiff owed $2,135.61. *Id*. ¶ 18. Plaintiff states he has not received any "proof of the amount owed or Defendant's ownership of an account owed by Plaintiff" and disputes he owes "any amount to Defendant." *Id*. ¶¶ 19-20. Plaintiff alleges the following causes of action under the FDCPA against Defendant: (1) violation of 15 U.S.C. § 1692d for engaging in "abusive, harassing, and oppressive conduct"; (2) violation of 15 U.S.C. § 1692c(a)(1) for "communicat[ing] with Plaintiff at an unusual time or place, or a time or place known, or should be known to be inconvenient to Plaintiff"; (3) violation of 15 U.S.C. § 1692f for using "unfair or unconscionable means to collect or attempt to collect a debt"; and (4) violation of 15 U.S.C. § 1692e(2)(A) for using "false, deceptive, and misleading representations in an attempt to collect an alleged debt Plaintiff does not owe to Defendant." *Id*. ¶¶ 31-53.

**III.    DISCUSSION**

    **A.    Failure to Comply with Federal Rule of Civil Procedure 8**

Plaintiff's Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A review of Plaintiff's Complaint reveals it consists of "[t]hreadbare recitals of the elements" of the FDCPA causes of action and fails to state a claim for relief under the FDCPA. *Iqbal*, 556 U.S. at 678.

The Court first addresses two threshold deficiencies in the Complaint. First, Plaintiff does not sufficiently allege whether or not the debt at issue falls within the purview of the FDCPA. *See Turner v. Cook*, 362 F.3d 1219, 1226-27 (9th Cir. 2004)

3

("Because not all obligations to pay are considered debts under the FDCPA, a threshold issue in a suit brought under the Act is whether or not the dispute involves a 'debt' within the meaning of the statute."). The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5); *see also Bloom v. I.C. Sys. Inc.*, 972 F.2d 1067, 1068–69 (9th Cir.1992) (explaining that the FDCPA applies only to debts incurred for personal, family or household purposes rather than business or commercial reasons). Here, Plaintiff states the alleged debt is "with Credit One bank for a personal credit account used for living purposes." Compl. ¶ 9. In its current form, the Complaint does not sufficiently allege whether the alleged debt is a consumer debt covered by the FDCPA. Second, Plaintiff does not sufficiently allege whether Defendant is a "debt collector" under the FDCPA. The Complaint only provides that Defendant is a "'debt collector' as that term is defined by 15 U.S.C. § 1692a(g)." Compl. ¶ 7. This conclusory allegation is insufficient to establish Defendant is a debt collector and fails to state a valid claim upon which relief may be granted pursuant to the FDCPA. *See Western Mining Council*, 643 F.2d at 624.

As to Plaintiff's specific causes of action under the FDCPA, the Court addresses each in turn. For the first cause of action, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692d by engaging in abusive, harassing, and oppressive conduct by continuing to send Plaintiff letters directly to him instead of by email which was his preferred form of communication. Compl. ¶¶ 32, 36-38. The Complaint does not sufficiently state a claim for relief under 15 U.S.C § 1692d because without further facts, it is not clear to the Court how Defendant's behavior amounts to abusive, harassing, and/or oppressive conduct as required by the FDCP. *See Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1227 (E.D. Cal. 2010) ("Although there is no bright-line rule, certain conduct generally is found to either constitute harassment, or raise an issue of fact as to whether the conduct constitutes harassment, while other conduct fails to

1   establish harassment as a matter of law."). For the second cause of action, Plaintiff
2   alleges Defendant violated 15 U.S.C. § 1692c(a)(1) by sending letters to Plaintiff directly
3   as opposed to his email address. Compl. ¶¶ 40-43. The Complaint does not sufficiently
4   state a claim for relief under 15 U.S.C § 1692c because the Complaint lacks sufficient
5   facts to show that the communications were "at any unusual time or place or a time or
6   place known or which should be known to be inconvenient to the consumer" as stated by
7   15 U.S.C. § 1692c. *See* 15 U.S.C § 1692c(a)(1). Additionally, Plaintiff's allegations are
8   conclusory and do not provide support that the mailing was "unusual" or "inconvenient."
9   15 U.S.C § 1692c(a)(1). Plaintiff next alleges in his third cause of action that Defendant
10  violated 15 U.S.C. § 1692f by communicating by letter correspondence instead of by
11  email. Compl. ¶¶ 45-46. The Complaint does not sufficiently state a claim for relief under
12  15 U.S.C § 1692f because it is not clear to the Court how these actions support that
13  Defendant as a "debt collector" used "unfair or unconscionable means to collect or
14  attempt to collect any debt" as stated by 15 U.S.C. § 1692f. Finally, Plaintiff alleges in his
15  fourth cause of action that Defendant violated 15 U.S.C § 1692e(2)(A) by failing to
16  provide proof of ownership of the alleged debt. Compl. ¶¶ 50-52. The Complaint does
17  not sufficiently state a claim for relief under 15 U.S.C § 1692e(2)(A) because the facts do
18  not establish that the alleged debt is covered by the FDCPA and that Defendant as a
19  "debt collector" falsely represented "the character, amount, or legal status of any debt"
20  as stated by 15 U.S.C. § 1692e(2)(A). Based on the above, the Court finds Plaintiff has
21  failed to state a claim under the FDCPA.
22          Although the Federal Rules adopt a flexible pleading policy, even a pro se
23  litigant's complaint must give fair notice and state the elements of a claim plainly and
24  succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). In
25  light of Plaintiff's pro se status, and because it is at least conceivable that Plaintiff could
26  allege additional facts to state claims under the FDCPA and establish the threshold
27  issues identified above, the Court finds it appropriate to grant Plaintiff an opportunity to
28  amend the Complaint. *See Lopez*, 203 F.3d at 1130-31(indicating that prior to dismissal,

the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure-if it appears at all possible the defects can be corrected).

### B. Leave to Amend

If Plaintiff elects to file an amended complaint, this new pleading shall allege facts establishing the existence of federal jurisdiction and must contain a short and plain statement of Plaintiff's claim. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. The amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not require the Court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." *Id*. at 1180. The amended complaint must not require the Court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the

amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).

### IV. CONCLUSION

In accordance with the above, IT IS ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff's Complaint (ECF No. 1) is DISMISSED with leave to amend; and
3. Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions provided above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

Dated: April 14, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, simm2953.24