UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON SIMMONS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LVNV FUNDING LLC,<br><br>　　　　Defendant. | Case No. 2:24-cv-02953-DAD-CSK<br><br>ORDER TO SHOW CAUSE<br><br>(ECF No. 3) |

　　　　Plaintiff Deon Simmons is proceeding in this action pro se.[1] On April 14, 2025, the Court issued an order granting Plaintiff's request to proceed in forma pauperis, dismissing Plaintiff's Complaint with leave to amend, and directing Plaintiff to file an amended complaint within thirty (30) days from the date of the order. (ECF No. 3.) Plaintiff was warned that failure to timely comply with the order would result in a recommendation that this action be dismissed. (*Id*. at 7.) The applicable deadline has now passed, and Plaintiff has not filed an amended complaint.

　　　　A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where the plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(21).

1

of Civil Procedure, or the court's local rules. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving *sua sponte* dismissals under Rule 41(b)); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default). This Court's Local Rules are in accord. *See* E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

        The Court has considered whether this action should be dismissed at this juncture due to Plaintiff's failure to comply with the Court's order. In light of Plaintiff's pro se status, the Court first attempts lesser sanctions by issuing this order to show cause. Plaintiff has thirty (30) days to respond to this order to show cause and file an amended complaint that complies with the instructions provided in the Court's April 14, 2025 Order. Plaintiffs are warned that the failure to comply with this Court's order within thirty (30) days will result in a recommendation to dismiss this action for failure to prosecute.

Dated: May 27, 2025

                                                             CHI SOO KIM
                                                             UNITED STATES MAGISTRATE JUDGE

4, simm2953.24